Michael LINDSEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1183 S 382.

Supreme Court of Indiana.

April 8, 1986.

Douglas D. Seely, Jr., Mishawaka, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Among the issued raised by appellant Michael Lindsey in his direct appeal from two convictions for rape was the decision of the trial court to admit his confession. This Court affirmed his conviction. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102.

In considering his Lindsey's direct appeal, we reviewed the substance of his claim concerning the confession, which was that the it was inadmissible because he had invoked his right to counsel during an interrogation subsequent to his arrest on June 28, 1982. Two calendar days later, on June 30th, Lindsey was re-arrested, read his *Miranda* rights, and waived them. During this second interrogation he gave the confession which he sought to suppress. He cited *Edwards v. Arizona* (1981), 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378, as a basis for this suppression.

We found *Edwards* to be inapt because of the break in custody and noted that the evidence established beyond a reasonable doubt that the confession and the map which Lindsey drew were the product of a free will and not induced by any violence, threats, promises, or other improper influences.

We also noted the failure of the defendant to object at trial to admission of the confession and concluded that this question had not been adequately preserved for appellate review.

In a petition for rehearing, Lindsey has provided affidavits from both the trial judge and the deputy prosecutor indicating that it had been "implicitly understood" that the defendant's motion to suppress and the trial court's ruling on same would suffice to preserve the issue without the need for repetition of all the objections during trial.

Assuming arguendo that such an agreement would be adequate to preserve an issue, we return to the substance of the question upon which we dwelled at some length originally—whether it was error to

admit the confession. We concluded then, and now, that its admission was proper.

On this question, and on the others presented in the petition for rehearing, Lindsey's request for relief is denied.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.